**Ann K. MARKOVICH, Petitioner,**

v.

**James E. NICHOLS, Chairman, Police and Firemen's Retirement and Relief Board, Respondent.**

**Ann K. MARKOVICH, Petitioner,**

v.

**POLICE AND FIREMEN'S RETIRE-MENT AND RELIEF BOARD, Respondent.**

**Nos. 79–573, 80–222.**

District of Columbia Court of Appeals.

Submitted Dec. 11, 1980.

Decided March 19, 1981.

Allen M. Hutter, Washington, D.C., on briefs, for petitioner.

Judith W. Rogers, Corp. Counsel, David P. Sutton, Acting Deputy Corp. Counsel, and Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., on briefs for respondent.

Before KERN and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Petitioner seeks review of three orders [1] rendered by the Police and Firemen's Retirement and Relief Board denying disability retirement benefits. Petitioner contends that the Board's decisions are not supported by substantial evidence and that she met her evidentiary burden that the injury complained of was service-connected. For errors other than those noted by petitioner, we reverse.

There is no dispute that Officer Ann K. Markovich, who joined the Metropolitan Police Department on June 25, 1973, was injured by a juvenile while investigating possible criminal activity. She lost consciousness and was taken to a Washington area hospital, treated and released, only to be

---

1. By order, dated April 7, 1980, we consolidated the two petitions for review. However, we are interested in and are primarily controlled by the findings and conclusions of the Board, dated March 7, 1980.

readmitted the following day. After appropriate medical examinations were conducted, it was learned that petitioner had suffered a head injury and a hearing loss in her right ear. Also, she frequently complained of dizziness, and discomfort in her back and hip. Thereafter, on three separate occasions, she sought to retire on disability.

The Board, on March 7, 1980, considered petitioner's claim for disability retirement benefits for the third time. It was during this hearing that the Board first learned of petitioner's increasing mental stress. Evidence was received which indicated that not only had petitioner suffered prior mental illness as an adolescent, but was experiencing a distressful mental state while the proceedings continued. Relying on D.C. Code 1973, §§ 4–526, –527, the Board "retired" Officer Markovich, concluding that petitioner was unfit to perform her duties as a police officer, and that the cause of that disability was neither incurred nor aggravated by performance of duty.

After a review of the record, we conclude that the Board's findings, although incomplete, are supported by substantial evidence. The fatal defect with the Board's decision is that the findings and conclusions drawn do not support the Board's decision under the provisions cited and relied upon.

Section 4–526 explicitly requires a finding that the officer complete five years of service in order to be retired under that section. The record now before us reveals neither evidence nor a finding that petitioner completed five years of service in the Metropolitan Police Department. Apparently she exhausted her annual and sick leave, was placed on leave without pay, and has not been in a duty status since January, 1976. We do not read D.C. Code 1973, § 4–523, as permitting the crediting to a member's service, time served in a non-duty status except when on annual or sick leave.

2. The amendments of these two sections of November 17, 1979, do not alter this result.

Moreover, § 4–527 authorizes retirement only where the injury was incurred in, or aggravated by, the performance of duty. Yet the Board specifically concluded that petitioner be retired due to a "disabling condition [that] was neither caused by, nor shown to have been aggravated by the performance of her duties." (Order of Police and Firemen's Retirement and Relief Board, March 7, 1980.) Consequently, on this record, petitioner cannot be retired under either section. Accordingly, we reverse and remand [2] this action to the Board so that it may make further findings of fact and conclusions of law and hold further hearings, if such be deemed necessary.

*So Ordered.*